UNITED STATES DISTRICT

COURT DISTRICT OF

CONNECTICUT

| | | |
|---|---|---|
| BRANDON STOWE | : | NO: 3:23-cv-00350 |
| V. | : | |
| TOWN OF CHESHIRE, ET AL | : | MARCH 20, 2023 |

### NOTICE OF REMOVAL

To the United States District Court for the District of Connecticut:

The Notice of the undersigned defendants respectfully shows:

1. The plaintiffs have commenced an action against the defendant in the Superior Court for the Judicial District of New Haven, by service of a Summons and Complaint filed on or after February 22, 2023. Pursuant to 28 U.S.C. § 1446(a), the undersigned defendants have attached said Summons and Complaint hereto.

2. The above-described action is a civil action and is one which may be removed to the Court by the defendant pursuant to the provisions of Title 28, United States Code §§1441, 1331 and 1343(3), in that the controversy involves a federal question and federal laws, and pursuant to 28 U.S.C. §1367, in that all of the claims in the plaintiff's Complaint are

        substantially related to the claims brought pursuant to the federal law that they stem from the same case or controversy.

3. Specifically, the Complaint alleges that the defendants' actions violate the Fourth Amendment to the U.S. Constitution.

3. The action brought by plaintiff is returnable in the Superior Court for the Judicial District of New Haven on March 28, 2023.

4. Attached hereto, in compliance with 28 U.S.C. §1446(a), are complete and accurate copies of the process and pleadings received by the defendants to date.

5. The undersigned defendants deny all of the plaintiff's substantive allegations.

6. Accordingly, this Court has original jurisdiction of these actions under 28 U.S.C. §§ 1331, 1343(a)(3) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. The action may be removed to this Court pursuant to 28 U.S.C. §§ 1441, 1443 and 1446.

WHEREFORE, the Defendants pray that the above action pending in Connecticut Superior Court for the Judicial District of New Haven be removed therefrom to this Court.

DEFENDANTS,
TOWN OF CHESHIRE, CHESHIRE
POLICE OFFICER TRACY GONZALEZ,
IN HER INDIVIDUAL CAPACITY AND
CHESHIRE POLICE OFFICER DEVIN
FLOOD, IN HIS INDIVIDUAL CAPACITY


By /s/ Thomas R. Gerarde
   Thomas R. Gerarde
   ct05640
   Ashley L. Hoyt
   ct31364
   Howd & Ludorf, LLC
   100 Great Meadow Road
   Suite 201
   Wethersfield, CT 06109
   (860) 249-1361
   (860) 249-7665 (Fax)
   Email: tgerarde@hl-law.com
   Email: ahoyt@hl-law.com

## **CERTIFICATION**

     This is to certify that on March 20, 2023, a copy of the foregoing Notice of Removal was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System:

A. Paul Spinella, Esq.
Spinella & Associates
One Lewis Street
Hartford, CT 06103
attorneys@spinella-law.com


        /s/ Thomas R. Gerarde
        Thomas R. Gerarde

# SUMMONS - CIVIL

JD-CV-1 Rev. 4-16
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

See other side for instructions

**STATE OF CONNECTICUT
SUPERIOR COURT**
www.jud.ct.gov



☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☒ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 235 Church Street, New Haven, CT 06510 | (203) 503-6800 | March 28, 2023 |

| ☒ Judicial District / ☐ Housing Session | ☐ G.A. Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) New Haven | Case type code (See list on page 2) Major: T  Minor: 90 |
|---|---|---|---|

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| SPINELLA & ASSOCIATES, ONE LEWIS STREET, HARTFORD, CT 06103 | 413617 |

| Telephone number (with area code) | Signature of Plaintiff (If self-represented) |
|---|---|
| (860) 728-4900 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.  ☒ Yes  ☐ No

Email address for delivery of papers under Section 10-13 (if agreed to): ATTORNEYS@SPINELLA-LAW.COM

Number of Plaintiffs: 1   Number of Defendants: 3   ☒ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: STOWE, BRANDON  Address: 935 CORNWALL AVENUE, CHESHIRE, CT 06410 | P-01 |
| Additional Plaintiff | Name:  Address: | P-02 |
| First Defendant | Name: TOWN OF CHESHIRE C/O LAURA BRENNAN, TOWN CLERK  Address: 84 SOUTH MAIN STREET, CHESHIRE, CT 06410 | D-01 |
| Additional Defendant | Name: GONZALEZ, TRACY, CHESHIRE POLICE OFFICER, IN HER INDIVIDUAL CAPACITY  Address: 50 HIGHLAND AVENUE, CHESHIRE, CT 06410 | D-02 |
| Additional Defendant | Name: FLOOD, DEVIN, CHESHIRE POLICE OFFICER, IN HIS INDIVIDUAL CAPACITY  Address: 50 HIGHLAND AVENUE, CHESHIRE, CT 06410 | D-03 |
| Additional Defendant | Name:  Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court / ☐ Assistant Clerk | Name of Person Signing at Left A. PAUL SPINELLA | Date signed 2/1/23 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

## Instructions

1. *Type or print legibly; sign summons.*
2. *Prepare or photocopy a summons for each defendant.*
3. *Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.*
4. *After service has been made by a proper officer, file original papers and officer's return with the clerk of court.*
5. *Do not use this form for the following actions:*

   (a) *Family matters (for example divorce, child support, custody, paternity, and visitation matters)*
   (b) *Summary Process actions*
   (c) *Applications for change of name*
   (d) *Probate appeals*
   (e) *Administrative appeals*

   (f) *Proceedings pertaining to arbitration*
   (g) *Any actions or proceedings in which an attachment, garnishment or replevy is sought*
   (h) *Entry and Detainer proceedings*
   (i) *Housing Code Enforcement actions*

### ADA NOTICE
The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA*.

## Case Type Codes

| Major Description | Codes Major/Minor | Minor Description |
|---|---|---|
| Contracts | C 00 | Construction - All other |
|  | C 10 | Construction - State and Local |
|  | C 20 | Insurance Policy |
|  | C 30 | Specific Performance |
|  | C 40 | Collections |
|  | C 90 | All other |
| Eminent Domain | E 00 | State Highway Condemnation |
|  | E 10 | Redevelopment Condemnation |
|  | E 20 | Other State or Municipal Agencies |
|  | E 30 | Public Utilities & Gas Transmission Companies |
|  | E 90 | All other |
| Miscellaneous | M 00 | Injunction |
|  | M 10 | Receivership |
|  | M 20 | Mandamus |
|  | M 30 | Habeas Corpus (extradition, release from Penal Institution) |
|  | M 40 | Arbitration |
|  | M 50 | Declaratory Judgment |
|  | M 63 | Bar Discipline |
|  | M 66 | Department of Labor Unemployment Compensation Enforcement |
|  | M 68 | Bar Discipline - Inactive Status |
|  | M 70 | Municipal Ordinance and Regulation Enforcement |
|  | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |
|  | M 83 | Small Claims Transfer to Regular Docket |
|  | M 84 | Foreign Protective Order |
|  | M 90 | All other |
| Housing | H 10 | Housing - Return of Security Deposit |
|  | H 12 | Housing - Rent and/or Damages |
|  | H 40 | Housing - Audita Querela/Injunction |
|  | H 50 | Housing - Administrative Appeal |
|  | H 60 | Housing - Municipal Enforcement |
|  | H 90 | Housing - All Other |

| Major Description | Codes Major/Minor | Minor Description |
|---|---|---|
| Property | P 00 | Foreclosure |
|  | P 10 | Partition |
|  | P 20 | Quiet Title/Discharge of Mortgage or Lien |
|  | P 30 | Asset Forfeiture |
|  | P 90 | All other |
| Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
|  | T 03 | Defective Premises - Private - Other |
|  | T 11 | Defective Premises - Public - Snow or Ice |
|  | T 12 | Defective Premises - Public - Other |
|  | T 20 | Products Liability - Other than Vehicular |
|  | T 28 | Malpractice - Medical |
|  | T 29 | Malpractice - Legal |
|  | T 30 | Malpractice - All other |
|  | T 40 | Assault and Battery |
|  | T 50 | Defamation |
|  | T 61 | Animals - Dog |
|  | T 69 | Animals - Other |
|  | T 70 | False Arrest |
|  | T 71 | Fire Damage |
|  | T 90 | All other |
| Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
|  | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
|  | V 05 | Motor Vehicles* - Property Damage only |
|  | V 06 | Motor Vehicle* - Products Liability Including Warranty |
|  | V 09 | Motor Vehicle* - All other |
|  | V 10 | Boats |
|  | V 20 | Airplanes |
|  | V 30 | Railroads |
|  | V 40 | Snowmobiles |
|  | V 90 | All other |
|  |  | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
|  | W 90 | All other |

| | |
|---|---|
| **RETURN DATE: MARCH 28, 2023** | **SUPERIOR COURT** |
| **BRANDON STOWE** | **J.D. OF NEW HAVEN** |
| v. | **AT NEW HAVEN** |
| **TOWN OF CHESHIRE,**<br>**CHESHIRE POLICE OFFICER**<br>**TRACY GONZALEZ, in her Individual**<br>**Capacity, AND**<br>**CHESHIRE POLICE OFFICER**<br>**DEVIN FLOOD, in his Individual**<br>**Capacity.** | **FEBRUARY 10, 2023** |

## COMPLAINT

Comes now the Plaintiff, Brandon Stowe, and for his causes of action, complains and alleges against the Town of Cheshire, Cheshire Police Officer Tracy Gonzalez, and Cheshire Police Officer Devin Flood:

**FIRST COUNT**
**42 U.S.C. § 1983**
**ARREST WITHOUT PROBABLE CAUSE IN VIOLATION**
**OF THE FOURTH AMENDMENT**
**(against Defendant Gonzalez for the June 28, 2021 Incident)**

1. This action arises under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§ 1983 and 1988, and under the common law of the State of Connecticut for false arrest, intentional and negligent infliction of emotional distress, and negligence.

2. At all relevant times the Plaintiff, Brandon Stowe, resided in Cheshire, Connecticut.

3. Plaintiff is employed as a public adjuster and owner of his own business.

4. At all relevant times the Defendant, Officer Tracy Gonzalez, was acting in her capacity as a police officer with the Cheshire Police Department, was acting under color of state law, and is being sued in her individual capacity.

5. At all relevant times the Town of Cheshire was and is a municipality in the State of Connecticut.

6. Plaintiff and Ashley Wells (Wells), have a minor son who resides with them both and with whom they share custody.

7. At all relevant times Wells' primary residence was in Colchester, although she occasionally resided with the Plaintiff and their son at his home in Cheshire.

8. At all relevant times Wells was having an affair with Avon Police Patrolman Hayden Beausoleil.

9. In June 2022, Wells told the Plaintiff that Beausoliel had developed a romantic attachment to her and had been texting her frequently.

10. June 28, 2021, Plaintiff was at his home in Cheshire with Wells, while she was exchanging text messages with Beausoliel.

11. When Plaintiff attempted to read the texts on the phone, which he owned and paid for on Wells' behalf, Wells attacked him, scratching his neck and back which left visible wounds.

12. Although Nicole Schieferstein, a friend of both Wells and Beausoleil, was not a witness to the incident, and had no first-hand knowledge of what occurred, she erroneously reported to the Cheshire Police that Wells was the victim of a domestic violence, when in fact it was Wells who assaulted and injured the Plaintiff.

2

13. Schieferstein was interviewed by Cheshire Police Officer David Wells, which interview was recorded on Wells' body camera.

14. Despite the fact that Officer Wells stated that her testimony appeared to be contradictory, making it necessary to interview the Plaintiff to ascertain the truth of what occurred, at no point did the Cheshire Police interview the Plaintiff.

15. This video of Schieferstein's statement was never shown to the judge who granted the arrest warrant application to arrest the Plaintiff.

16. On July 6, 2021 Wells spoke with Cheshire Police Officer Tracey Gonzalez, for the first and only time at a Wallingford hotel.

17. During the interview, which was recorded on the Defendant's body camera, Wells unequivocally told the Defendant that she was the aggressor, Plaintiff had not assaulted her and had not committed any crime.

18. During the interview Gonzalez made statements indicating clear bias against the Plaintiff, including the fact that she had been the victim of domestic abuse that she had undiluted sympathy for Wells.

19. Gonzalez then insisted that the Plaintiff had been the dominant aggressor and she had no reason to speak to the Plaintiff about the incident.

20. On July 7, 2021, Defendant Gonzalez applied for an arrest warrant, in which she falsely attested that Plaintiff had physically assaulted the plaintiff, despite Wells' statement that she had been the dominant aggressor.

21. Gonzalez never provided the video recordings of the interview with Wells with the arrest warrant application.

3

22. Gonzalez failed to include Officer Wells' interview with Schieferstein, including Schieferstein's statement that Wells had been the dominant aggressor.

23. Gonzalez failed to properly investigate the complaint by failing to gather the available information to determine the dominant aggressor and to determine if the Plaintiff had acted in self-defense in violation of Departmental policies on domestic violence incidents.

24. But for these omissions and misrepresentations the judge would have not approved the arrest warrant application.

25. On July 18, 2021, Plaintiff was arrested for violations of sections 53a-61a (Assault in the 3rd Degree), 53-21 (Risk of Injury to Children), 53a-181 (Disorderly Conduct) of the General Statutes.

26. On July 29, 2021 Defendant was arraigned in the Meriden Superior Court for the following charges, Risk of Injury to a Child (situational), Assault in the Third Degree, and Disorderly Conduct.

27. All charges against the Plaintiff were dismissed.

28. Officer Gonzalez while acting under the color of state law, caused the arrest of the Plaintiff without probable cause, in violation of his rights under the Fourth Amendment to be free from unreasonable seizures.

29. As a direct result of the Defendant's actions, the plaintiff suffered damages including the following:

   a. psychological trauma, physical injury, humiliation, pain and suffering, and damage to his reputation and character, as well as other injuries and damages more particularly set forth herein.

4

    b. Revocation of his pistol permit;

    c. Emotional distress;

    d. Physical distress, including anxiety, sleeplessness, insomnia, weight gain and headaches;

    e. Emotional distress to his family, including his children and grandmother;

    f. Loss of his reputation in the neighborhood;

    g. Loss of his reputation as a public adjuster;

    h. Loss of Connecticut insurance adjusters license for a brief period of time

    i. Lost business opportunities, including the loss of ability to solicit claims during period of license suspension;

    j. Loss of ability to apply for nonresident adjuster license;

    k. Loss of business relationships;

    l. Loss of income; and

    m. Loss of time and expenses defending himself in legal proceedings.

30. As a direct and proximate result of the violation, Plaintiff is entitled to relief under 42 U.S.C § 1983.

## SECOND COUNT
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (by Stowe against Defendant Gonzalez)

1-30. The allegations of the First Count are incorporated by reference.

31. The aforementioned actions by the defendant were intentional, willful and deliberate and caused the Plaintiff to suffer from severe emotional distress.

32. Said conduct was extreme and outrageous.

33. The defendant's conduct was the sole cause of the Plaintiff's distress.

34. The emotional distress sustained by the Plaintiff was severe.

## THIRD COUNT
## INDEMNIFICATION PURSUANT TO CONN. GEN. STAT. § 7-465
### (against the Town of Cheshire for arrest by Gonzalez)

1-34. The allegations of the Second Count are incorporated by reference.

35. The Town of Cheshire is liable to pay on behalf of Officer Gonzalez by reason of the aforesaid causes of action imposed upon such employees by law for damages awarded for the infringement of the civil rights of the Plaintiff as a result of the events complained of herein.

## FOURTH COUNT
## 42 U.S.C. § 1983- ARREST WITHOUT PROBABLE CAUSE IN VIOLATION OF THE FOURTH AMENDMENT
### (against Defendant Flood for the June 3, 2022 incident)

1-35. The allegations of the Third Count are incorporated by reference.

36. At all relevant times the Defendant, Officer Devin Flood, was acting in his capacity as a police officer with the Cheshire Police Department, was acting under color of state law, and is sued in his individual capacity.

37. Following Plaintiff's arrest on the charges for the June 2021 incident, the Superior Court issued a residential protective order which prohibited the Plaintiff from being near Wells' primary residence in Colchester, but specifically allowed Wells to stay with the Plaintiff at his residence in Cheshire to allow parenting of their child and Wells' daughter.

38. The protective order's sole prohibition was that he was not allowed near Wells' residence, which was at all relevant times in the Town of Colchester.

39. On June 3, 2022, Officer Flood responded to a phone call from Plaintiff's first wife, who asserted that Wells was living in Cheshire with the Plaintiff in violation of the protective order.

40. When Officer Flood observed Plaintiff's automobile leave the residence, he conducted a traffic stop, and accused the Plaintiff of violating the protective order.

41. Plaintiff had been at his home in Cheshire, not at Wells' residence in Colchester, and had not violated the protective order.

42. Wells drove to the scene and spoke to officer Flood in person, attesting that her primary residence is Colchester.

43. Despite the express terms of the order, Officer Flood, while acting under the color of state law, caused the arrest of the Plaintiff without probable cause, in violation of his rights under the Fourth Amendment to be free from unreasonable seizures.

44. All charges against the Plaintiff were dismissed.

45. As a direct result of the Defendant's actions, the plaintiff suffered damages, as set forth above, as well as other injuries and damages more particularly set forth herein, in violation of his rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution, as secured by 42 U.S.C. § 1983.

### FIFTH COUNT
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (against Defendant Flood)

1-45. The allegations of the Fourth Count are incorporated by reference.

46. The aforementioned actions by the defendant were intentional, willful and deliberate and caused the Plaintiff to suffer from severe emotional distress.

47. Said conduct was extreme and outrageous.

48. The defendant's conduct was the sole cause of the Plaintiff's distress.

49. The emotional distress sustained by the Plaintiff was severe.

### SIXTH COUNT
### INDEMNIFICATION PURSUANT TO CONN. GEN. STAT. § 7-465
### (against the Town of Cheshire for the Arrest By Flood)

1-49. The allegations of the Fifth Count are incorporated by reference.

50. The Town of Cheshire is liable to pay on behalf of Officer Flood by reason of the aforesaid causes of action imposed upon such employees by law for damages awarded for the infringement of the civil rights of the Plaintiff as a result of the events complained of herein.

8

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff demands the following relief:

1. Actual, compensatory and just damages;
2. Compensation for lost business opportunities;
3. Punitive damages;
4. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and
5. Such other legal and equitable relief as the Court deems just and proper.

THE PLAINTIFF,

BY: _____
A. Paul Spinella
Spinella & Associates
One Lewis Street
Hartford, CT 06103
Tel: 860.728.4900
Fax: 860.728.4909
attorneys@spinella-law.com

**Neil Longobardi**
**CT. State Marshal**
**P.O. Box 185643**
**Hamden, CT 06518**

203-248-5000                                                                                                                  203-410-6129
203-248-5001

STATE OF CONNECTICUT ]                                          February 22, 2023
                            ] ss: Cheshire
COUNTY OF   NEW HAVEN   ]

      Then and there by virtue hereof, this original, Writ, Summons and Complaint, Statement of Amount in Demand, I served the within named defendant(s), Town of Cheshire c/o Laura Brennan, Town Clerk, Tracy Gonzalez, Cheshire Police Officer, In Her Individual Capacity, Devin Flood Cheshire Policy Officer in His Individual Capacity

  On the 22nd day of February, 2023, I served a True and Attested Copy of this Writ, Summons, Complaint and Statement of Amount in Demand, by serving the within named defendant(s), town of Cheshire, c/o Laura Brennan, Town Clerk by leaving with and in the hands of the within named, Patricia Kind, Deputy, 84 South Main Street, Cheshire, CT.

  And again on the 22nd day of February, 2023, I served a True and Attested Copy of this Writ, Summons, Complaint and Statement of Amount in Demand, by serving the within named defendant(s), Tracy Gonzalez, Cheshire Police Officer in her Individual Capacity, by leaving with and in the hands of the within named, Tracy Gonzalez, Cheshire Police Officer in her Individual Capacity, 50 Highland Ave., Cheshire, CT.

  And again on the 22nd day of February, 2023, I served a True and Attested Copy of this Writ, Summons, Complaint and Statement of Amount in Demand, by serving the within named defendant(s), Devin Flood, Cheshire Police Officer in his Individual Capacity, by leaving with and in the hands of the within named, Devin Flood, Cheshire Police Officer in his Individual Capacity, 50 Highland Ave., Cheshire, CT.

  The Within and foregoing is the original Writ, Summons, Complaint and Statement of Amount in Demand, with my doings thereon endorsed.

FEES:
    TRAVEL   $   20.00                                          Attest:
    SERVICE       150.00
    COPIES         10.00                                          _____
    ENDS       .    6.00                                          NEIL  LONGOBARDI
                                                                   CT.  STATE MARSHAL , N.H.C.
    TOTAL   $    186.00